ALBANY,
August, 1812.

BURNELL *against* JOHNSON.

IN ERROR, on *certiorari,* from a justice's court. *Johnson* brought an action of *trover* against *Burnell,* before the justice, for certain articles of household furniture. It was proved, at the trial, that the goods claimed by the plaintiff had been sold on two executions, issued by a justice's court, in favour of *Jesse Killburne* against *Jesse Townsend,* on judgments *confessed* by him, without process, before the justice, on the 28th of *March,* 1811, and the executions were, by consent of the parties, issued immediately. On the 3d of *April,* and before any levy was made by the constable, *Townsend* delivered to the constable a receipt for the property in question, signed by *Johnson.* The constable, without any actual levy, advertised the property for sale on the execution, and, by the consent of *Killburne,* adjourned the sale, and again advertised the property, and again, by consent, adjourned and advertised the sale for the 2d of *July.* One part of the property, consisting of painters' colours, tools, &c. was sold in one lot, and the household furniture, without being seen by the constable, was sold together in another lot, and the whole was purchased by *Killburne* for 25 dollars. The sale was made with the consent of *Townsend.* The executions, which had expired, had not been renewed. The property was left in the possession of *Townsend,* and, afterwards, on the 12th of *July, Johnson* gave *Killburne* a receipt for the property, engaging to return it to him when called for, or to pay him for it. While the property was thus in the possession of *Townsend,* it was taken by *Burnell,* the defendant below, another constable, on the 15th of *July,* by virtue of an execution in favour of one *Hurd* against *Townsend,* issued on a judgment obtained the 22d of *June.* The jury found a verdict for *Johnson,* the plaintiff below, for 11 dollars and 75 cents, on which the justice gave judgment.

*Per Curiam.* Here are too many circumstances of fraud attending *Johnson's* claim to the goods, to permit the recovery to be supported. It was a verdict against the conclusions of law. The judgments from *Townsend* to *Killburne* were confessed without had no property in the goods, which were liable to the second execution.

BURNELL
v.
JOHNSON.

A judgment was confessed, without process, by B. in favour of A. before a justice, and execution taken out immediately, by consent, and delivered to a constable, and before any levy made, C. gave the constable a receipt for the household goods, &c. of B., and the goods were afterwards sold by consent of B., in mass, by the constable without seeing them, and after the execution had expired. A. became the purchaser, and the goods were left in the possession of B., and C. gave a receipt to A. to account for them. While the goods were thus in possession of B. they were taken by another execution against B. at the suit of D. In an action of trover, brought by C. it was held, that the transaction as between A., B. and C. was fraudulent, and that C. had no property in the goods, which were liable to the second execution.

ALBANY,
August, 1812.

out process, and without any consideration appearing, and, by consent, execution was immediately taken out. *Johnson* then immediately appears in the transaction, and receipts to *Townsend* for the goods, but they appear still to be in *Townsend's* possession. Why *Johnson* gave a receipt for the goods is not shown. After several advertisements and adjournments, the goods are sold by consent of *Townsend*, and while in his possession, and without ever being seen by the constable, they are bought by *Killburne,* and *Johnson* again gave a receipt for them, and left them in possession of *Townsend*, until they were seized and sold by *Burnell* to satisfy the judgment of another creditor. From these facts, there does not appear to be any colour or pretence of property, or possession, in *Johnson*, and, consequently, he had no right of action.

Judgment reversed.